IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LANCE HINNERGARDT,

        Plaintiff,

v.                                    Case No. 19-1323-JWB

HERBERT C. HOOVER, M.D.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motion for partial summary judgment on Defendant's statute of limitations affirmative defense. (Doc. 34.) The motion has been fully briefed and is ripe for decision. (Docs. 35, 40, 44.) Plaintiff's motion for partial summary judgment is DENIED, for the reasons stated herein.

**I.    Facts and Procedural History**

The following facts are uncontroverted for the purpose of this motion.

This is a personal injury action in which Plaintiff alleges that Defendant was negligent in failing to properly remove Plaintiff's gallbladder during a June 20, 2017, surgery. On that date, Defendant performed a laparoscopic cholecystectomy on Plaintiff because of a gallbladder disfunction called biliary dyskinesia. After the surgery was performed, Defendant told Plaintiff and Plaintiff's wife that he had completely removed Plaintiff's gallbladder. Defendant also reported in his operative note that he removed the entire gallbladder. Surgeons expect and trust that other surgeons will remove a gallbladder for biliary dyskinesia. Dr. Hunt, Plaintiff's treating surgeon at Wesley, testified that a retained gallbladder is unheard of in the field of general surgery. (Docs. 35 at 2-3; 40 at 1-3.)

Plaintiff testified that he thought something had gone wrong during his surgery but he did not know what had gone wrong.  Plaintiff also thought that Defendant was untruthful with him regarding what was wrong.  (Doc. 40 at 9.)  Plaintiff developed abdominal pain following the surgery.  On June 26, 2017, a doctor told Plaintiff his problems likely resulted from pancreatitis.  In July 2017, Plaintiff's primary care physician thought that Plaintiff had a biloma - a collection of bile that had leaked into the abdomen.  Dr. Hunt diagnosed a biloma from a cystic duct leak.  Dr. Hunt testified that she had no reason to assume that Plaintiff's gallbladder was still present.  A cystic duct leak is a recognized complication of a cholecystectomy and can happen without any negligence on the part of the surgeon.  Prior to surgery, Defendant had advised Plaintiff of the possibility of a bile leak.  Initially, Dr. Hunt had thought that Plaintiff was just suffering from a recognized surgical complication and that nothing improper had occurred. (Docs. 35 at 3-4; 40 at 3-5.)

Plaintiff's gastroenterologist, Dr. Tofteland, healed the bile leak by placing a stent in Plaintiff's common bile duct in July 2017.  Dr. Tofteland's operative report indicated that the structure causing the leak might have been a long cystic duct or a residual gallbladder "with multiple clips at the distal aspect, from which the leak had originated."  (Doc. 40-2 at 2.)  Dr. Tofteland, however, testified that he does not think that he told Plaintiff or Plaintiff's wife about the possibility of a gallbladder remaining in Plaintiff's abdomen.  Dr. Tofteland also does not know if Plaintiff or his wife received a copy of the operative report.  Plaintiff testified that he does not remember Dr. Tofteland telling him about the possibility of his gallbladder remaining inside of him.  Plaintiff was hospitalized several times during July and August 2017 due to ongoing problems with his abdomen.  On October 24, Dr. Tofteland removed the stent and confirmed that

bile was no longer leaking.  The removal of the stent allowed bile to flow again into Plaintiff's gallbladder causing pain and other symptoms.  (Docs. 35 at 5-6; 40 at 5-10.)

On November 2, 2017, an imaging study revealed an "oval-shaped fluid-filled structure...which almost resembles [a] gallbladder."  (Doc. 35-12.)  Further imaging studies suggested that at least a portion of the gallbladder remained and surgeons recommended another laparoscopic cholecystectomy to remove it.  Dr. Sarah Corn removed the gallbladder on November 6, 2017.  Dr. Corn reported finding numerous metal clips that had been previously placed on the top end of Plaintiff's gallbladder.  Defendant testified that no one would have suspected until the November 2017 surgery that Plaintiff's gallbladder had not been removed.  Dr. Hunt testified that she was surprised to learn that Plaintiff's gallbladder was removed in November 2017.  (Docs. 35 at 6-7; 40 at 7-8.)  Defendant has testified that he believes that he removed Plaintiff's gallbladder in June 2017 and that the November 2017 surgery likely removed a "walled off biloma."  (Doc. 40-1 at 102:3.)

Plaintiff filed this action on October 31, 2019.  Defendant filed an answer on December 18, 2019.  (Doc. 5.)  In that answer, Defendant asserted that Plaintiff's claim was barred by the statute of limitations because the fact of injury was reasonably ascertainable to Plaintiff shortly after the surgery.  (*Id.* at 3.)  Plaintiff now moves for summary judgment on Defendant's statute of limitations defense arguing that the fact of injury was not reasonably ascertainable until November 2017.

**II.     Standard**

"When determining whether summary judgment should be granted as to a certain issue, a court must consider who will bear the ultimate burden of persuasion on that issue at trial." *Eaves v. Fireman's Fund Ins. Cos.*, 148 F. App'x. 696, 699 (10th Cir. 2005).  Here, Defendant bears the

burden of establishing the affirmative defense that the claim is barred by the statute of limitations. Although Plaintiff does not have the ultimate burden of persuasion at trial, on summary judgment, Plaintiff has "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Id.* (citing *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). Plaintiff, as the moving party, "must affirmatively demonstrate that there is no evidence in the record to support judgment for the non-moving party." *Id.*

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Haynes v. Level 3 Commc'ns*, 456 F.3d 1215, 1219 (10th Cir. 2006). The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

**III.   Analysis**

Plaintiff moves for summary judgment on Defendant's affirmative defense of statute of limitations on the basis that no evidence exists from which a jury could determine that Plaintiff knew or could have reasonably ascertained before November 2017 that his gallbladder was causing his ongoing pain and abdominal issues. (Doc. 35 at 7.) Defendant asserts that there are disputes of material fact regarding when the fact of injury was reasonably ascertainable.

Under Kansas law, the statute of limitations for negligence due to medical malpractice is two years. K.S.A. 60-513(a)(7). Plaintiff has alleged that Defendant was negligent in failing to remove Plaintiff's gallbladder during the June 2017 surgery. Plaintiff argues that the statute of

4

limitations did not begin to run on that date because the fact of injury was not reasonably ascertainable to Plaintiff until November 2017.

A negligence claim based on medical malpractice is deemed to accrue at the time of the occurrence, "unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." K.S.A. 60-513(c).  Under Kansas law, "it is not enough to start the statute of limitations running that it is reasonably ascertainable to a party that he or she has sustained an injury.  Instead it must be reasonably ascertainable that an injury has been sustained that may have been caused by some negligent act or omission of the defendant such that legal recovery is possible.  But the full extent of that legally recoverable injury need not be known." *Brock v. Gatz*, 237 F. App'x 321, 325 (10th Cir. 2007).  Determining when the fact of an injury is reasonably ascertainable is a fact-specific inquiry, and the trier of fact must decide the issue when the parties present conflicting evidence.  *Jones v. Neuroscience Assocs., Inc., P.A.*, 250 Kan. 477, 489, 827 P.2d 51, 59 (1992).

Based on the evidence presented, the court finds that there is conflicting evidence as to when the fact of injury became reasonably ascertainable to Plaintiff.  Although there is significant evidence that other doctors believed that Plaintiff was simply suffering a routine side effect from the June 2017 surgery, there is evidence in the record that Dr. Tofteland's operative report in July 2017 indicated that the leak might have been due to a residual gallbladder.  Moreover, Plaintiff suspected that something was wrong after the initial surgery, did not believe that Defendant was being truthful with him regarding the surgery, had significant ongoing pain, and had several visits to the hospital in July and August 2017.  This court must view all evidence in favor of the nonmoving party at this stage of the proceedings.  Based on the evidence presented, the court

cannot conclude as a matter of law that Plaintiff is entitled to summary judgment on Defendant's affirmative defense. Rather, this issue must be determined by the trier of fact. *Id.*

### IV.   Conclusion

Plaintiff's motion for summary judgment (Doc. 34) is DENIED.

IT IS SO ORDERED. Dated this 29th day of March, 2021.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
